SWAIN *v.* McELWEE.

FRYE *v.* SAME.

MUNICIPAL CORPORATIONS—ÉLECTIONS—PRIMARY ELECTION—CHARTER.

> A provision in a city charter that any candidate for elective office who receives a majority of all votes cast at the primary election shall thereby be elected is not applicable to election of city commissioners, where two are to be elected, without designation, the one receiving the highest number of votes to be elected for two years, and the one receiving the next highest for one year, and therefore the board of canvassers properly certified the two candidates receiving the highest number of votes at the primary election as nominated thereby rather than elected.

Certiorari to Kent; Brown (William B.), J. Submitted October 11, 1927. (Calendar Nos. 33,307, 33,308.) Decided December 1, 1927.

Separate petitions for mandamus by Herald F. Swain and Oscar B. Frye to compel the board of canvassers of the city of East Grand Rapids to issue certificates of election. From an order denying the writs, plaintiffs bring certiorari. Affirmed.

*M. Thomas Ward,* for appellant Swain.

*Willard B. McIntyre,* for appellant Frye.

*Emil B. Gansser* (*Roger I. Wykes,* of counsel), for appellees.

CLARK, J. East Grand Rapids became a city of the fourth class pursuant to statute and a charter was adopted. Two commissioners were to be elected from each ward. We quote two sections of the charter:

---

Municipal Corporations, 43 C. J. § 995 (Anno); L. R. A. 1917E, 480; 9 R. C. L. 1153.

"At the first election to be held under this charter the candidate for commissioner from each ward who receives the highest number of votes cast in his said ward shall be declared elected until the close of the municipal year 1929. The candidate for commissioner from each ward, as aforesaid, receiving the next highest number of votes cast, shall be declared elected to the commission until the close of the municipal year 1928. Thereafter, commissioners shall be elected for the full two-year term, the term of one commissioner from each ward expiring each year."

"Candidates for any elective office, to be voted for at any municipal election under the provisions of this charter, shall be nominated at a primary election, and no other names shall be placed on the election ballot for the election of such officer: *Provided, however,* That in all primary elections any candidate for an office who receives a majority of all votes cast for candidates for that office shall thereby be elected."

In the second ward, at the first primary election after the adoption of the charter, there were three candidates for commissioner, plaintiff Swain, plaintiff Frye, and one Osborn. Two hundred eighty-six electors voted in the ward. Swain received 186 votes, Frye 164 and Osborn 135, a total of 485. Plaintiffs contended that each of them had received a majority of all votes cast and were entitled to be certified as elected by virtue of sections of the charter above quoted. The canvassers certified them as nominated, not as elected, and they brought actions in mandamus which were consolidated and decided against them and they bring certiorari.

Appellants contend that, having been favored by more than one-half the electors voting, they have a majority and are elected. Appellees reply that such contention is contrary to the plain language of the charter, and they suggest that the 485 votes cast might have been distributed 150 to one candidate, 160 to another and 175 to a third, and that thus each candidate

·might have received more than one-half of 286. Plaintiffs reply that, had they each received 286 votes, neither, under appellees' theory, would have had a majority of the then total vote of ·572. There being two offices to be filled and candidates for the same without designation for long term or short term, it is plain that the charter does not provide for the contingency, does not provide for election by primary vote. That being so, the courts should decline to interfere by mandamus, there being a remedy adequate and available, an election.

Judgment affirmed.

SHARPE, C. J., and BIRD, FLANNIGAN, FELLOWS, WIEST, and McDONALD, JJ., concurred.

The late Justice SNOW took no part in this decision.